UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN PAUL ALEXIE | CIVIL ACTION |
| VERSUS | NO. 12-2212 |
| APEX TOOL GROUP, LLC, ET AL. | SECTION "L" (3) |

### ORDER AND REASONS

Before the Court are cross motions in limine from Plaintiff and Defendants, (Rec. Docs. 76, 78, 79), along with a motion for summary judgment from Defendants. (Rec. Doc. 77). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

### I.     BACKGROUND

This diversity action consists of a personal injury claim under the Louisiana Products Liability Act. On September 6, 2011, Plaintiff Justin Alexie and another employee of Dufrene Building Materials were attempting dislodge a forklift that was stuck in mud at a delivery site. In doing so, they attached the inert forklift to a truck with a chain hook manufactured, distributed, and sold by Defendants Apex Tool Group LLC and Cooper Tools LLC, as well as now-dismissed Defendant Danaher Corporation.[1] The other employee then moved the truck forward, pulling the forklift and Mr. Alexie, who was on it. The chain hook fractured, whipped back, and severely mangled his face, causing traumatic brain injury. Plaintiff states that the injury caused him multiple surgeries, memory loss, and permanent disfigurement. The parties report that Plaintiff returned to work on August 2, 2012, and returned to full-time employment.

---

[1] For the purposes of this Order and Reason, "Defendants" refers to Apex Tool Group LLC and Cooper Tools LLC.

On September 5, 2012, Plaintiff filed this action claiming that the chain hook was improperly designed and manufactured, proximately causing his injuries. He claims damages of $6 million. He also claims damages on behalf of his minor daughter for loss of parental consortium and loss of services, support, enjoyment, companionship, and guidance. Intervenor Louisiana Commercial & Trade Association Self-Insurers Fund is Dufrene's workers' compensation provider and made payments of $293, 189.48 to Mr. Alexie after the accident. In its October 25, 2013, complaint, it seeks to recover those payments from any judgment against Apex or Cooper. Mr. Alexie is still receiving workers compensation.

## II. PRESENT MOTIONS

### A. Motions in Limine

Plaintiff and Defendants have filed cross motions in limine to exclude each other's experts. Plaintiff argues that Defendants' experts, Brian Todd and Joelle Gill, do not meet the *Daubert* test for reliability in the fields of their purported expertise. (Rec. Docs. 78, 79). First, Plaintiff argues that Mr. Todd is not an expert in *hook* manufacturing, regardless of his expertise in chain manufacturing. Second, Plaintiff argues that Ms. Gill is not qualified to offer expert opinion as the adequacy of the warnings and that her expert report does not meet the *Daubert*/*Kumho Tire* standard. Defendants counter that both Mr. Todd and Ms. Gill are sufficiently qualified under Federal Rule of Evidence 702 based on their decades of experience and professional accolades. (Rec. Docs. 80, 81).

Defendants argue that Plaintiffs' experts, Dr. David Lenorovitz and Dr. Joseph Parse, do not meet the *Daubert* test for reliability in the fields of their purported expertise. (Rec. Doc. 76). First, Defendants argue that Dr. Lenorovitz is not qualified to give an expert opinion regarding product warnings, an embossed working load limit, and other "speculation." Second, Defendants argue that Dr. Parse does not have a sufficient basis to offer an expert opinion issue of material

2

deviation. Plaintiff counters that its experts have extensive qualifications through education and experience and that their testimony is reliable and relevant. (Rec. Doc. 82).

      **B.**      **Motion for Summary Judgment**

Defendants move for summary judgment. (Rec. Doc. 77). They argue that regardless of whether the Court grants its motion in limine, they are entitled to summary judgment. Specifically, Defendants argue that even if the Court denies its motion in limine, Plaintiffs' experts have testified that they cannot demonstrate that the alleged product defects are the "proximate cause" of the injury at issue here. Defendants assert that Plaintiff's experts do not opine as to the load at the time of the fracture, do not establish material deviation, and do not otherwise establish a defect or design claim. Finally, Defendants argue that Plaintiff does not establish inadequate warnings.

Plaintiff opposes, arguing that there is a genuine issue of material fact, as evidenced throughout the testimony of their experts. (Rec. Doc. 83). Plaintiff re-asserts the qualifications of his experts. Plaintiff further contends that his claims include both manufacturing defect and design.

**III.**      **LAW & ANALYSIS**

      **A.**      **Motions in Limine**

Federal Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." A trial judge sits as a "gatekeeper" in evaluating the admissibility of expert scientific testimony under the Federal Rules of Evidence. *See generally Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed.2d 469 (1993). This gatekeeping function applies not only to scientific testimony but also, more

generally, to all expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 1175 (1999). The objective of the gatekeeping function, therefore, "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152, 119 S. Ct. at 1176. The use of expert testimony is only proper if it will assist the trier of fact. *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 449 (5th Cir. 1990). Under Rule 702, expert testimony should be excluded if the court finds that the trier of fact "could adeptly assess [the] situation using only their common experience and knowledge." *Id*. at 450.

Here, the parties have sufficiently indicated reliability of their experts' testimony. All the experts put forth by the parties – Mr. Todd, Ms. Gill, Dr. Lenorovitz, and Dr. Parse – have vast experience in their respective fields, as confirmed by their expert reports. Mr. Todd and Ms. Gill, for example, each have almost 30 years of experience, have participated on a variety of different committees and conferences, and have earned numerous accolades relevant to their fields of expertise. Mr. Todd's expertise in metallurgy, and Ms. Gill's expertise in warnings, can provide the triers of fact with specialized knowledge on issues of material fact central to this case, Plaintiff's arguments notwithstanding. Similarly, Dr. Lenorovitz, and Dr. Parse have extensive expert knowledge by experience and education. Dr. Lenorovitz has 47 years of experience in his field of engineering and has two advanced degrees. He has spent a number of those years analyzing and developing warnings. Dr. Parse has similar advanced degrees, along with comparable work experience in his field of engineering, pertinent to the design and defect claims here. Each expert here has used an adequate, and a proper, methodology in formulating their opinions. The parties' complaints focus more on credibility and the weight to be given to the

experts' opinions. This question is best handled on cross examination. All experts here meet the requirements of Rule 702 under *Daubert*/*Kumho Tire*, and the Court will not exclude their testimony.

### B. Motion for Summary Judgment

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

This case is replete with genuine issues of material fact, particularly where the Court has denied the parties' *Daubert* motions. *See supra* Part III.A. To establish a cause of action under the Louisiana Products Liability Act, the unreasonably dangerous manufacturer's product must proximately cause damage arising from a reasonably anticipated use of the product. *See* La. R.S.

9:2800.54. Here, the parties dispute whether the hook at the truck end of the chain was the legal cause of the accident. First, as to the design and defect claims here, the parties dispute the extent to which the hook deviated from its exemplar and whether the hook was suitable for its intended use. Notably, it is unclear what load the hook carried at the time of the fracture. Second, the parties dispute facts at the heart of the warnings claim, including whether it was feasible to include a working load limit directly on the hook. These material facts are issues to be determined by the fact finder, as assisted by the parties' experts. Summary judgment, therefore, is inappropriate.

### IV.     CONCLUSION

For these reasons, **IT IS ORDERED** that the parties' motions in limine are **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is **DENIED**.

New Orleans, Louisiana, this 3rd day of November, 2014.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE